The STATE of Ohio, Appellant,

v.

GERLING, Appellee.

[Cite as *State v. Gerling* (1991), 76 Ohio App.3d 576.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–910021, C–910022, C–910023.

Decided Nov. 27, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for appellant.

*Michael Hohn,* for appellee.

*Per Curiam.*

Plaintiff-appellant, the state of Ohio, has taken the instant appeal from the orders of the court below which, for want of jurisdiction, granted the motion to dismiss three criminal charges lodged against defendant-appellee Kent Gerling. The state claims that the dismissal was erroneous because the Hamilton County Municipal Court is authorized to assume jurisdiction over offenses which occur on the Ohio River. The orders of the trial court are affirmed.

On September 1, 1990, the defendant, while operating his watercraft near the center of the Ohio River between Covington, Kentucky, and Cincinnati, Ohio, was stopped by officers of the Ohio Department of Natural Resources, Division of Watercraft, whose investigation led to the filing of three charges: two for operating under the influence of alcohol or a drug of abuse and one for operating without proper navigational lights. The defendant moved to dismiss the charges, alleging that the Hamilton County Municipal Court lacked jurisdiction in a criminal prosecution involving offenses which occurred outside its territorial boundaries. After a hearing was conducted on the matter, the trial court granted the motion and dismissed the charges against the defendant.

The state's single assignment of error is:

"The trial court erred as a matter of law in granting defendant-appellee's motion to dismiss for lack of jurisdiction."

In 1980, the United States Supreme Court in *Ohio v. Kentucky* (1980), 444 U.S. 335, 100 S.Ct. 588, 62 L.Ed.2d 530, held that the boundary line between the Commonwealth of Kentucky and the state of Ohio is the low water mark on the northern side of the Ohio River as it existed in 1792 when Kentucky was admitted to the Union. Later, in 1985, that court adopted a special master's report setting forth the precise location of the demarcation line and ruled that Ohio and Kentucky each have concurrent jurisdiction over the Ohio River. Since the evidence in the record establishes that the defendant was observed and apprehended on the portion of the river within Kentucky, a key determination to be made by this court is whether Ohio has statutorily invoked concurrent jurisdiction over the Ohio River.[1] The resolution of this question is particularly critical since municipal courts in Ohio are statutory courts and have no jurisdiction beyond that granted by statute.

---

1. H.B. No. 371, now pending before the legislature, gives municipal and county courts bordering on the Ohio River concurrent jurisdiction with adjacent courts in Kentucky and West Virginia.

R.C. 1901.20 provides that "[t]he municipal court has jurisdiction of the violation * * * of any misdemeanor committed within the limits of its territory." More specifically, R.C. 1901.02 states that "[t]he Hamilton county municipal court has jurisdiction within Hamilton county." R.C. 2901.11(A)(1), a general jurisdictional statute for criminal prosecutions, provides that "[a] person is subject to criminal prosecution and punishment in this state if * * * [h]e commits an offense under the laws of this state, any element of which takes place in this state[.]" Under R.C. 2901.11(C), "[t]his state includes the land and water within its boundaries and the air space above such land and water, with respect to which this state has either exclusive or concurrent legislative jurisdiction."

Clearly, these statutes do not reflect an intention by the General Assembly to extend the jurisdiction of the Hamilton County Municipal Court to include that portion of the Ohio River which flows outside the county's territorial boundaries. Accordingly, we hold that the court below properly concluded that it lacked the necessary jurisdiction over the instant criminal prosecution.

The judgment of the trial court, therefore, is affirmed.

*Judgment affirmed.*

GORMAN, P.J., DOAN and HILDEBRANDT, JJ., concur.